UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| ANN COLLINS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-178-DCR |
| ) | |
| V. ) | |
| ) | |
| LARNIE LEWIS, ROSETTA NICKEL, ) | |
| and GEICO CASUALTY INSURANCE, ) | **MEMORANDUM OPINION** |
| INC., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendants Rosetta Nickel's ("Nickel") motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 35] For the reasons that follow, this motion will be granted.

**I.      Relevant Facts**

This is an action based on diversity of citizenship. Plaintiff Ann Collins is alleged to be a citizen of Virginia. The Plaintiff asserts that Defendant Larnie Lewis is a citizen of Kentucky while Defendant Nickel is claimed to be a citizen of Maryland. [*See* Record No. 23; Amended Complaint, ¶¶ 1-3.] Collins asserts that, on March 17, 2006, in Manchester, Kentucky, a vehicle driven by Defendant Lewis collided with a vehicle driven by Nickel. At the time of the accident, Collins was a passenger in Nickel's automobile. Collins does not allege that Nickel was

-1-

responsible for causing the accident. Instead, she asserts that Nickel has stopped her vehicle and was waiting for traffic to clear so that she could exit the Hal Rogers Parkway. However, while waiting for traffic to clear, Lewis negligently collided with the auto driven by Nickel. Collins claims that she was injured as a result of Lewis' negligent conduct. [Id., at ¶¶ 5-12.]

Collins filed the current action on May 21, 2007, asserting claims against Lewis, Nickel and Nickel's insurance carrier, Geico Insurance Company. [*See* Record No. 1; Complaint.] According to the original Complaint, Collins' action seeks "to establish a claim against Nickel's under insured portion of her insurance policy." [Id., at ¶ 12.] This same assertion is also contained in Collins' Amended Complaint. [See Record No. 23; Amended Complaint, ¶ 15.]

On July 25, 2007, Collins' former attorney moved the Court to dismiss the claims against Nickel. [Record No. 5] However, due to counsel's failure to comply with the Local Rules, the request was denied, without prejudice. [Record No. 7] Subsequently, an Order was entered revoking *pro hac vice* status of Collins original attorney, Anthony Collins. [Record No. 11] Collins new attorney was allowed to file an Amended Complaint on January 18, 2008.

**II.    Legal Analysis**

As outlined above, the Amended Complaint filed by Collins' new attorney contains a claim against Nickel, notwithstanding her original attorney's attempt to remove that claim. On April 2, 2008, Nickel moved the Court to dismiss the claim asserted against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [*See* Record No. 35; Motion to Dismiss.] In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Supreme Court addressed the standard to be applied when considering motions under this rule. "Under the new standard for

ruling on a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Under *Twombly*, a plaintiff is not required to provide "heightened fact pleading of specifics," but must allege facts sufficient to "raise a right to relief above the speculative level." *Id*. at 1965, 1974. Additionally, all of a plaintiff's factual allegations must be taken as true in considering a motion to dismiss. *Ricco v. Potter*, 377 F.3d 599, 603 (6th Cir. 2004).

In support of her motion, Nickel argues that, under Kentucky law a contractual claim for underinsured motorist coverage may only be asserted against the insurance company. *Philadelphia Indemnity Ins. Co. v. Morris*, 990 S.W.2d 621, 625 (Ky., 1999) (Under Kentucky law UIM coverage is contractual in nature and a suit to recover such coverage is a direct action against the UIM carrier. It alone is the real party in interest in UIM cases.) Because Nickel did not issue the policy and because she has no contractual relation with Collins, she asserts that the contract claim for UIM benefits should be dismissed.

Plaintiff Collins has not responded to the motion to dismiss within the time provided by the Local Rules. Further, having reviewed the motion to dismiss, the Court concludes that the Amended Complaint does not plead enough facts to state a claim for relief against Nickel that is plausible according to the standard set forth in *Twombly, supra*. Accordingly, being sufficiently advised, it is hereby

**ORDERED** that Defendant Rosetta Nickel's motion to dismiss the claims against her is **GRANTED**. All claims asserted against Defendant Rosetta Nickel in the Plaintiff's Complaint and Amended Complaint are **DISMISSED**, with prejudice.

This 22nd day of April, 2008.

